UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON DELEON,
        Plaintiff,

        v.

JOEL R. AYERS, et al.,
        Defendants.
_____

DECISION & ORDER
REPORT & RECOMMENDATION
16-CV-6848-DGL-JWF

## Preliminary Statement

Currently before the Court is pro se plaintiff Jason Deleon's ("plaintiff" or "Deleon") motion to (1) amend his complaint to replace defendants John Doe 1-4 with Anthony Spahalski ("Spahalski"), Jeffrey Harris ("Harris"), Joshua Andrus ("Andrus"), and Shawn Pierson ("Pierson") and (2) amend his complaint to add Matthew Smith ("Smith"), Debra Allen ("Allen"), Brianne Liddick ("Liddick"), Emily Brown ("Brown"), and Hanna Martin ("Martin"), none of whom were previously identified in the complaint or as John Doe defendants. See Mot. to Amend (Docket # 25). For the reasons explained below, plaintiff's motion to amend is **granted** with respect to Spahalski, Harris, Andrus, and Pierson and the Court recommends that plaintiff's motion to amend be **denied** with respect to Smith, Allen, Liddick, Brown, and Martin.

## Factual Background

Plaintiff filed his original complaint against Joel Ayers, John Marshall, Joseph Bradley, Stephen Wenderlich, and five John

1

Does[1] seeking relief under 42 U.S.C. § 1983. See Compl. (Docket # 1). Plaintiff alleged that his constitutional rights were violated by defendants' excessive use of force and that he was denied due process of law and access to the courts while he was incarcerated at Southport Correctional Facility. See id. The complaint alleged that plaintiff was assaulted by officers on January 23, 2014 and on April 21, 2014. See id. at 5-6. Plaintiff also contended that Wenderlich allowed Bradley to oversee plaintiff's grievance interview even though he knew Bradley had witnessed plaintiff's beating and that officers subsequently destroyed plaintiff's legal work. Id. at 6.

In an Order dated June 14, 2017, the Honorable David G. Larimer allowed some claims to proceed to service, but also dismissed some of plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, unless the plaintiff filed an amended complaint. See Docket # 4, at 1. Judge Larimer allowed the excessive use of force claim to proceed to service against Ayers, Marshall, Bradley, and the five John Doe officers, but he dismissed the due process and access to courts claims and all the allegations against Wenderlich for failure to allege personal involvement, unless plaintiff filed an amended complaint. Id. at 3-9.

---

[1] The caption of the complaint does not include John Does 1-5, but the body of the complaint references them. Docket # 1, at 6.

On October 16, 2017, plaintiff filed an amended complaint, which set forth similar facts alleged in the original complaint, but with additional details about the incidents involving the legal papers and Wenderlich. Specifically, plaintiff alleged that his legal documents took him many years to acquire, and that their destruction prevented him from adequately making out a claim and barred him from access to the courts. See First Am. Compl. (Docket # 8), at 7. Plaintiff also supplied additional details about the grievance investigation process which were omitted from the initial complaint. In the first amended complaint plaintiff explained that Bradley, who investigated the first assault, encouraged Ayers and Marshall to attack him during his disciplinary hearing and that Wenderlich appointed Bradley to oversee his hearing, in violation of department policy which states that an officer who witnessed or was involved in the incident must not conduct the rehearing. Id. at 8.

In an Order dated May 15, 2018, Judge Larimer dismissed with prejudice plaintiff's denial of access to courts claim and all claims relating to Wenderlich, finding that they failed to state a claim. See Docket # 9, at 6. However, in addition to the excessive use of force claim that was previously allowed to proceed, Judge Larimer allowed the denial of due process claim to proceed based on the theory that Bradley, who investigated the first assault, encouraged Ayers and Marshall to attack plaintiff

3

during his disciplinary hearing. Id. at 5. The Order also requested that the Attorney General determine the identities of the five John Does within 30 days. Id. at 3.

Plaintiff filed the present second motion to amend on February 4, 2019, this time seeking exclusively to "join other parties." See Docket # 24, at 1. Recognizing that plaintiff had failed to comply with Federal Rule of Civil Procedure ("Rule") 15(a), the Court ordered that plaintiff file a proposed amended complaint by February 20, 2019. See Docket # 25, at 1. Plaintiff's second amended complaint was signed on February 19, 2019 and filed on February 25, 2019. The second amended complaint identifies the placeholder John Doe defendants and seeks to add several previously unmentioned defendants. See Docket # 27, at 1-2.

## Discussion

Under Rule 15(a)(2), leave to amend a pleading should be freely granted, absent a showing of "excessive delay, prejudice to the opposing party, or futility." Friedl v. City of N.Y., 210 F.3d 79, 87 (2d Cir. 2000); accord Lucente v. Int'l Machs. Bus. Corp., 310 F.3d 243, 258 (2d Cir. 2002). "A district court has broad discretion in determining whether to grant leave to amend." Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000). Yet it is the "party opposing the motion for leave to amend [that] carries the burden of demonstrating that it will be substantially

prejudiced by the amendments." State Farm. Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 148 (E.D.N.Y. 2007).

An amendment may be futile if it would be barred by the statute of limitations. The statute of limitations for plaintiff's § 1983 claims is governed by state law and is, in this case, three years. Frankel v. N.Y. State Office of Children & Family Servs., No. 11 CIV. 7973 DAB RLE, 2013 WL 1803692, at *7 (S.D.N.Y. Apr. 29, 2013). The conduct plaintiff complains of occurred on or before April 21, 2014, the last recorded date of an incident in plaintiff's complaint. Docket # 27, at 5. Plaintiff filed a timely complaint on December 29, 2016, within three years of the alleged misconduct, naming Ayers, Marshall, Bradley, and Wenderlich, as well as five John Does at Southport Correctional Facility. Docket # 1, at 7.

Plaintiff's second amended complaint seeks to both replace John Does 1-4 in the original complaint with the names of the discovered defendants, as well as add entirely new defendants not previously mentioned. See Docket # 24, at 1; see generally Docket # 27. Therefore, to be timely, and thus not futile, plaintiff's allegations against defendants named in the proposed second amended complaint must relate back to his original complaint.

Under Rule 15(c)(1), "[a]n amendment to a pleading relates back to the date of the original pleading when:

5

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Although this language suggests that the Rule contemplated substitution rather than addition of a party, courts have applied it for both substitution and addition of a party. See Maccharulo v. Gould, 643 F. Supp. 2d 587, 594 (S.D.N.Y. 2009).

Proposed Defendants Spahalski, Harris, Andrus, and Pierson: On May 15, 2018, Judge Larimer issued a Valentin Order, requesting that the Attorney General's office produce the identities of the John Doe defendants within 30 days of the Order. Docket # 9, at 3. The Order stated that the complaint would be deemed amended to reflect the full names of the John Doe defendants when the Attorney General produced the information. Id. It does not appear that the Attorney General complied with this Order. However, upon

furnishing plaintiff with initial discovery (Docket # 22), plaintiff seems to have independently deduced the identities necessary to amend his complaint with respect to the conduct he complained of in his first amended complaint. See Docket # 24. Pursuant to the May 15 Order and based on plaintiff's own representations, this Court deems the first amended complaint amended as to John Does 1-4, replacing these names with Joshua Andrus, Jeffrey Harris, Anthony Spahalski, and Shawn Pierson. See Docket # 8, at 1-2; Docket # 9; Docket # 27.

Plaintiff's excessive use of force claim as articulated in the second amended complaint may proceed to service against defendants Ayers, Marshall, Bradley, Spahalski, Harris, Andrus, and Pierson, and his due process claim based on a biased hearing officer may proceed to service against defendant Bradley. Id.

Proposed Defendants Smith, Allen, Liddick, Brown, and Martin: Plaintiff's proposed second amended complaint also seeks to add Smith, Allen, Liddick, Brown, Martin, and the "staff from office special investigations" as parties, none of whom were previously named defendants or referenced in either complaint. See Docket # 27. The Court concludes that the putative claims against these parties do not relate back and would therefore be futile.

The Second Circuit has explained the "relation back" requirements for an amended complaint that seeks to add a new party pursuant to Rule 15(c)(1)(C):

(1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, <u>but for a mistake of identity, the original action would have been brought against it</u>; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the Original Complaint, and . . . the Original Complaint [was] filed within the limitations period.

Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (citing Barrow v. Wethersfield Police Dep't., 66 F.3d 466, 468-69 (2d Cir. 1995)) (emphasis added).

Here, plaintiff's putative second amended complaint adding new parties does not relate back, and thus, should be denied. It is apparent that there was no mistake of identity in the original claim that would have alerted the proposed new defendants that they were parties to the lawsuit. There was no mention of, let alone a mistake as to, the identity of a nurse, teacher, mental health staff person, supervisor of the inmate grievance program, or Office of Special Investigation employee in the original complaint. See Docket # 1, at 5-6; Docket # 8.

Additionally, although, as discussed above, there was mention of a fifth John Doe in the original complaint, Officer Smith was part of the incident that occured on January 23, 2014, and the fifth John Doe Officer was alleged to have taken part in the incident that occurred on April 21, 2014. See id. As the court stated in Barrow, "the failure to identify individual defendants

8

when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Barrow, 66 F.3d at 470. The plaintiff therefore may not use Rule 15(c)(1)(C) to add these defendants. Id.

The federal relation back rule also permits courts to utilize state law for relation back "if it provides a more forgiving principle of relation back." Lin v. Joedy, No. 6:10-CV-6474 EAW, 2016 WL 5940373, at *7 (W.D.N.Y. Oct. 12, 2016) (internal quotations omitted). New York law allows relation back when:

> (1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for [a] mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.

Amaya v. Garden City Irrigation, Inc., 645 F. Supp. 2d 116, 121 (E.D.N.Y. 2009) (quoting another source).

New York's relation back law does not help plaintiff here. As discussed above, there was no mistake on the part of the plaintiff as to the identities of Smith, Allen, Liddick, Brown, Martin, or the staff from the Office of Special Investigations in the original complaint. Accordingly, plaintiff cannot use Rule 15(c)(1)(A) to amend his complaint. See Colson v. Haber, No. 13-CV-5395, 2016 WL 236220 (W.D.N.Y. Jan. 20, 2016) at *5 (finding

9

that New York's "requirement closely follows Rule 15(c)(1)(C)'s requirement").

Because my findings and conclusions regarding the futility of plaintiff's motion to amend the second amended complaint to add Smith, Liddick, Brown, Martin, and the "staff from office special investigations" as defendants are case-dispositive with respect to those individuals, my determinations are made as part of a Report and Recommendation and not a Decision and Order. See Pusey v. Delta Airlines, Inc., No. 09-CV-4084 (ENV)(JO), 2011 WL 1215081 (E.D.N.Y. March 20, 2011) ("A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting de novo review of any objection to it."); Gomez v. Lempke, No. 09-CV-86A, 2010 WL 3834643 (W.D.N.Y. Sept. 29, 2010) (adopting Report and Recommendation to deny petitioner's Motion to Amend); HCC, Inc. v. RH&M Mach. Co., 39 F. Supp. 2d 317, 321-22 (S.D.N.Y. Jan. 19 1999) ("This Court is of the view that denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility."); see generally 28 U.S.C. § 636(b)(1)(B). Plaintiff is advised to read carefully the supplemental order attached to this Report and Recommendation and comply with all time limits set forth therein regarding the procedures for filing objections to this Report and Recommendation.

<u>John Doe 5</u>: Finally, in his first amended complaint, plaintiff sued five John Does for conduct related to excessive force, but he has dropped John Doe 5 from his proposed second amended complaint. Indeed, his motion to amend only identifies the four above-referenced individuals by name. <u>See</u> Docket # 24, at 1. Plaintiff now claims that his "original complaint had four John Doe defendants" and he makes no mention of adding an additional John Doe for conduct related to the excessive force incidents. <u>Id.</u> Because the second amended complaint is now the operative pleading and John Doe 5 was not named in the second amended complaint, John Doe 5 is no longer a party to this action.

## Conclusion

For the reasons stated above, plaintiff's motion to amend his complaint (Docket # 24) is **granted** with respect to defendants Spahalski, Harris, Andrus, and Pierson. The Clerk is directed to substitute those defendants for John Does 1-4. For the reasons stated above, it is my Report and Recommendation that plaintiff's motion to amend (Docket # 24) be **denied** with respect to putative defendants Smith, Allen, Liddick, Brown, and Martin. The second amended complaint – only insofar as it articulates claims against Ayers, Marshall, Bradley, Spahalski, Harris, Andrus, and Pierson – is the operative pleading. The United States Marshal shall

direct service on defendants Spahalski, Harris, Andrus, and Pierson.

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 19, 2019
       Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u> *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections ... shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." <u>Failure to comply with the provisions of Local Rule 72(b) (concerning review of and objections to a Magistrate Judge's findings of fact and recommendations), may result in the District Court's refusal to consider the objection.</u>

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the Plaintiff and the attorneys for the Defendant.

SO ORDERED.

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: September 19, 2019
Rochester, New York