UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON DELEON,

                                                Plaintiff,

                v.

JOEL R. AYERS, et al.,

                                                Defendants.
_____

DECISION AND ORDER

16-CV-6848L

## INTRODUCTION

*Pro se* plaintiff Jason Deleon ("Deleon"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against multiple defendants alleging violations of his constitutional rights while he was housed at Southport Correctional Facility ("Southport"). (Dkt. # 27 (Deleon's Second Amended Complaint, now the operative complaint in this case)). Specifically, Deleon alleges three causes of action claiming that he was subjected to excessive force in January and April 2014, and that he was denied due process at a disciplinary hearing in April 2014. (*See id.*).

In accordance with the Amended Scheduling Order (*see* Dkt. # 42), defendants filed a motion for summary judgment seeking dismissal of each of Deleon's claims on October 29, 2021. (Dkt. # 47). The Court then set a briefing schedule, which contained a *pro se* notice explaining the requirements for opposing summary judgment. (Dkt. # 48). After requesting and being granted an extension of time to respond, Deleon opposed defendants' motion on January 3, 2022 (Dkt.

1

## 49, 50, 51, 53), and defendants filed a reply in further support of their motion on January 18, 2022 (Dkt. # 54). Defendants' motion remains pending.

After briefing was complete, Deleon filed a motion seeking to amend his opposition to defendants' summary judgment motion and additional time to file an amended opposition. (Dkt. ## 55, 56). Deleon's motion is premised on his view that he needs additional discovery to prosecute his claims, specifically, Southport's "Facility Operating Manual," which DOCCS possesses and apparently will not disclose absent a Court order. (Dkt. ## 55 at 1-2; 56 at 5). This document, in Deleon's view, is "essential to proving and supporting the claims in [his] case." (Dkt. # 56 at 5).

Defendants opposed Deleon's motion. (Dkt. # 57). They contend that it amounts to an improper sur-reply, contrary to this District's Local Rule 7(a)(6) of Civil Procedure, and that Deleon has not put forth sufficient reasons justifying the need for further briefing in opposition to the summary judgment motion. (*Id.* at ¶¶ 13-21). *See also* W.D.N.Y. LOCAL R. CIV. P. 7(a)(6) ("Absent permission of the Judge hearing the motion, sur-reply papers are not permitted"). In the alternative, defendants request an opportunity to respond to Deleon's amended opposition. (Dkt. # 57 at ¶ 23).

This Court's Order at Docket # 58, entered February 24, 2022, is vacated. For the following reasons, the Court grants Deleon's request to amend his opposition to defendants' summary judgment motion, subject to the following limitations.

## DISCUSSION

Given Deleon's *pro se* status, the Court must construe his motion liberally and to raise the strongest possible arguments it suggests. *See Bertin v. United States*, 478 F.3d 489, 491 (2d Cir.

2007). With this in mind, the Court believes that Deleon's underlying contention – that certain additional discovery is "essential to proving and supporting [his] claims" (Dkt. # 56 at 5) – is best understood as an attempt to oppose defendants' summary judgment motion based on Rule 56(d) of the Federal Rules of Civil Procedure.

Rule 56(d) "authorizes the court to deny or hold in abeyance a summary judgment motion on the ground that the opposing party requires additional discovery relevant to the issues raised by the motion." *Bank of Am., Nat'l Ass'n v. Kamico, Inc.*, 2012 WL 1449185, *4 (S.D.N.Y. 2012). Specifically, the rule provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d).

Accordingly, "[t]o request discovery under Rule 56[d], a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004).

As submitted, Deleon's motion does not comply with the requirements of Rule 56(d) because he has not submitted any type of affidavit detailing the above factors. His papers do state that Southport's "Facility Operating Manual" is a document that "establishes the policies and procedures setting forth the manner in which employees must run and operate the facility," which is "essential to proving and supporting [his] claims." (Dkt. # 56 at 5). He also explains that he requested this document from the "records coordinator" at Southport on November 18, 2021, but received no response. (*Id.* at 3, 5).

Critically, however, Deleon does not explain (in an affidavit or otherwise) why this operating manual is so "essential" to his case or which of his claims the document is supposed to support. Nor does he clarify what facts the operating manual will provide, how these facts will help to oppose summary judgment, what efforts he made prior to November 2021 to obtain either the document itself or the relevant facts contained therein, and why those efforts were unsuccessful. After all, fact discovery in this matter closed on August 31, 2021 – nearly three months prior to Deleon's letter to Southport's "records coordinator" requesting the "Facility Operating Manual." (Dkt. # 42 at ¶ 1).

Rather than deny Deleon's motion to amend his opposition, the Court believes the better course of action, out of an abundance of caution and deference to Deleon's *pro se* status, is to grant the motion and permit Deleon the opportunity to supplement his opposition papers with a proper Rule 56(d) affidavit.[1]

Accordingly, should Deleon wish to defend defendants' summary judgment motion on the basis that he requires additional discovery in the form of Southport's "Facility Operating Manual," he must submit an affidavit pursuant to Rule 56(d) detailing "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi*, 385 F.3d at 244. **Deleon shall submit the required affidavit no later than twenty (20) days following receipt of this Order.**

The Court also notes that Deleon did not submit any affidavit in his original opposition papers (let alone one pursuant to Rule 56(d)), despite being put on notice by defendants and this

---

[1] The Court expresses no view at this time on whether Deleon will ultimately be entitled to disclosure of Southport's "Facility Operating Manual," or whether his opposition to defendants' motion for summary judgment will be successful.

4

Court of such a requirement.  (*See* Dkt. # 47-2; Dkt. # 48 ("The claims plaintiff asserts in his compliant may be dismissed without a trial if he does not respond to this motion by filing his own sworn affidavits or other papers as required by Rule 56(e).  An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.") (emphasis omitted)).  Nor did he file an opposition statement of facts responding to defendants' Local Rule 56 Statement of Facts that is required by Rule 56(a)(2) of the Local Rules of Civil Procedure.  This is particularly troubling given the parties' arguments regarding exhaustion of administrative remedies; Deleon's assertions on this issue are not supported by any affidavit or citations to record evidence.  (*See* Dkt. # 53).

Accordingly, because the Court is allowing Deleon the opportunity to amend his opposition papers as discussed above, and again out of an abundance of caution, the Court will give Deleon one final opportunity to support his assertions on the issue of exhaustion of administrative remedies by way of affidavit.  At the very least, Deleon's affidavit in this respect should detail where, when, and to whom specifically he allegedly attempted to exhaust administrative remedies regarding his grievances for multiple instances of excessive force, and what evidence he has gathered throughout discovery to support any such assertions.  **Deleon shall submit any such affidavit no later than twenty (20) days following receipt of this Order.**

## CONCLUSION

The Order at Docket # 58, entered February 24, 2022, is vacated.  For the above reasons, Deleon's motion seeking to amend his opposition to defendants' summary judgment motion and additional time to do so (Dkt. ## 55, 56) is granted, subject to the specifications detailed in this Order.  **Deleon shall submit the required affidavits in opposition to defendants' motion for**

5

summary judgment no later than twenty (20) days following receipt of this Order. Defendants shall submit any response no later than ten (10) days following the filing of Deleon's amended opposition papers.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 25, 2022.