United States District Court
Western District of New York



Jason Deleon, 02A3502
    Plaintiff,

-vs-　　　　　　　　　　　　　　　Affidavit
　　　　　　　　　　　　　　　　　16-CV-6848

Ayers, et al.,
    Defendant(s).

Jason Deleon, Pursuant to 28 U.S.C. § 1746 declares under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.) Enclosed the court will find a copy for the Department of Corrections and Community Supervision Chapter V. Procedures for Implementing Standards of Inmate Behavior and for Granting Good Behavior Time Allowances. 7 N.Y.CRR 254.1 Section 254.1. Hearing officer See Exhibit A

2.) The compilation of codes, Rules and Regulations of the State of New York who and whom are able to conduct a Superintendent's hearing, it also states the following persons shall not be appointed to conduct the proceeding: a person who has investigated the incident.

3.) Thereby; when Capt. Joseph Bradley became the hearing officer for the re-hearing officer for the misbehavior report for the incident of January 23, 2014. He did not only violate the Plaintiff's constitutional right of due process, the right to have a fair and impartial hearing officer. Capt. Joseph Bradley violated Title 7. Compilation of Codes, Rules and Regulations of the State of New York, Chapter V. Procedures for Implementing Standards of Inmate Behavior and for Granting Good Behavior Time Allowances Section 254.1 Hearing officer 7 NYCRR

4.) Regardless of whether the Plaintiff did not serve the allotted S.H.U. time the fact that Capt. Joseph Bradley knowingly disregarded both the Plaintiff's constitutional right and the Section of 7 NYCRR 254.1 Hearing officer.

5.) For these reasons alone it cannot be said that Capt. Joseph Bradley did not have nefarious actions and purposes for conducting thus such hearing. Hereby, then having such hearing ordered reversed by the offices of Central Office Review Committee, when he failed to adhere to take the testimony of the M.H.U. staff as not being relevant. Bradley Decl.

6.) Thereby, for these reasons alone the Defendant's Summary Judgment should be dismissed because there are genuine issues to be tried.

*Jason DeLeon*
Jason DeLeon 02A3502
Cayuga Correctional Facility
P.O. Box 1186
Moravia, New York 13118
April 8, 2022.

I Declare under
the penalty of perjury
that the foregoing
is true and correct
Pursuant to title 28 U.S.C.A. 1746

Exhibit A

Compilation of Codes, Rules and Regulations of the State of New York
　Title 7. Department of Corrections and Community Supervision
　　Chapter V. Procedures for Implementing Standards of Inmate Behavior and for Granting Good Behavior Time Allowances
　　　Subchapter A. Procedures for Implementing Standards of Inmate Behavior
　　　　Part 254. Superintendent's Hearing (Refs & Annos)

7 NYCRR 254.1

Section 254.1. Hearing officer

Currentness

The person appointed to conduct the superintendent's hearing shall be either the superintendent, a deputy superintendent, captain or commissioner's hearing officer employed by the department's central office, but the superintendent may, in his or her discretion, designate an employee who holds a title that has been approved by Central Office to conduct the proceeding. The following persons shall not be appointed to conduct the proceeding: a person who actually witnessed the incident; a person who was directly involved in the incident; the review officer who reviewed the misbehavior report, or a person who has investigated the incident. Prior to presiding over a superintendent's hearing, the hearing officer shall receive training on relevant topics, including implicit bias and procedural due process rights.

**Credits**
Sec. filed June 13, 1983; amds. filed: Oct. 10, 1986 as emergency measure, expired 60 days after filing; Jan. 14, 1987; Aug. 10, 1990 as emergency measure; Oct. 16, 1990 eff. Oct. 31, 1990; amd. filed Dec. 1, 2020 eff. Dec. 16, 2020.

Current with amendments included in the New York State Register, Volume XLIV, Issue 14 dated April 6, 2022. Some sections may be more current, see credits for details.

N.Y. Comp. Codes R. & Regs. tit. 7, § 254.1, 7 NY ADC 254.1

End of Document　　　　　　　　　　　　　　　© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Jason DeLeon
DIN: 02A3502
Mid State Correctional Facility
P.O. Box 2500
Marcy, New York 13403-2500
January 15, 2022
To: Deputy Commissioner & Counsel
    Cathy Y. Sheehan

RE: Freedom of Information Law Request

Records Officer:

Under the provisions of the New York Freedom of Information Law, Article 6 of the Public Officer's Law, I hereby request records or portions pertaining to:
I am writing you because on Nov. 18, 2021. I had wrote Southport Correctional Facility requesting to review or purchase copies of Southport's Correctional Facility Operating Manuals/F.O.M.'s I have yet to recieve a response back from Southport pertaining to this request. My reason for making this request is this facility operating manual for the use of staff not the incarcerated individual's version of the F.O.M but the F.O.M. used strictly by facility staff, this manual contains the day to day manner in which staff are to operate the facility from conducting mail in the facility's housing, from distributing and picking up incarcerated indivduals outgoing outside and legal mail, from facility movement and operation of how incarcerated individuals are moved throughout the facility for disciplinary reasons, medical, draft, or for P.I.M.S. level for positive

behavior or disciplinary. My reasons for making this request are I currently have a civil §1983 suit in the federal courts I need and would like to use the mentioned f.o.m along with these other documents Southport's Correctional Facility; officer's directives, officer's memorandums as evidence in my §1983 civil suit. If my request cannot be made as requested then please inform me in writing as to whom I must write in order to make this request to.

In accordance with §1401.8 (q) I request, on the grounds of indigence, that you waive any fees. If you deny this request for waiver of fees please inform me of the required fees so I can determine to disregard my request or to pay said fee and continue.

As you know, the Freedom of Information Law requires that an agency respond to a request within five business days of receipt of a request. Therefore I would appreciate a response as soon as possible and look forward to hearing from you shortly

If for any reason any portion of my request is denied, please inform me of the reasons for the denial in writing and provide me the name and address of the person or body to whom an appeal should be directed.

Thank you very much for your assistance.

Respectfully,

Jason De Leon
02A3502

I declare under the penalty of perjury that the foregoing is true and correct Pursuant to title 28 U.S.C.A1746

CC: Stephen Bradshaw

Jason DeLeon
DIN: 02A3502
Mid State Correctional Facility
P.O. Box 2500
Marcy, New York 13403-2500
January 15, 2022
To: Deputy Commissioner, Administrative Services (Acting)
    Stephen Bradshaw

RE: Freedom of Information Law Request

Records Officer:

Under the provisions of the New York Freedom of Information Law, Article 6 of the Public Officer's Law, I hereby request records or portions there of pertaining to:

I am writing you because on Nov. 18, 2021. I had wrote Southport Correctional Facility requesting to review or purchase copies of Southport's Correctional Facility operating manuals/F.O.M.S. I have yet to recieve a response pertaining to this request. My reason for making this request is this facility operating manual for the use of staff not the incarcerated individual's version of the F.O.M but the F.O.M used strictly by facility staff, this manual contains the day to day manner in which staff are to operate the facility, from conducting mail in the facility's housing, from distributing and picking up incarcerated individuals outgoing outside and legal mail from facility movement and operation of how Incarcerated Individuals are moved throughout the facility for disciplinary reasons, medical, draft or for P.I.M.S. level for positive behavior or disciplinary. My reasons for making this request are I currently have a civil §1983 suit in the Federal Courts I need and would like to use

Exhibit B

| FORM (2133) STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION — INMATE GRIEVANCE PROGRAM SUPERINTENDENT RESPONSE | GRIEVANCE NUMBER: SPT-58121-14<br>FACILITY: SOUTHPORT<br>TITLE OF GRIEVANCE: Assault / Property Destroyed<br>SUPERINTENDENT'S SIGNATURE: S. Wenderlich | DATE FILED: 2/14/2014<br>CLASS: 1<br>CODE: 49<br>SUPT. DATE: 2-25-14 |
|---|---|---|
| GRIEVANT: Deleon, Jason | DIN.#: 02-A-3502 | HOUSING-UNIT: A-1-18 |

Cell Location at time of grievance: A-7-3

### DESCRIPTION OF PROBLEM

RECEIVED FEB 2 6

Grievant alleges that Sergeant A... kicked him from behind while he was being moved to a new cell location. He further alleges that his property was destroyed after the toilet overflowed.

### ACTION REQUESTED

Grievant requests that his property be replaced, separation from Sergeant A..., no retaliation, Sergeant A... held accountable.

### SUPERINTENDENT'S RESPONSE

Grievant's request is denied.

re-sent 3/24/14
re-re-sent 4/28/14 hand delivered

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied.

A thorough investigation of this grievance was conducted by an assigned security supervisor.

Acting Captain B... attempted to interview the grievant on 2/18/2014, at approximately 9:30 AM, in the A-Block First Floor Hearing Room. He refused to speak with Acting Captain B... or make any statements regarding this grievance.

All named staff were interviewed and have provided written statements denying all allegations of this inmate. The grievant's property was destroyed after it was contaminated from toilet water after he flooded his cell and he had no property in his property bin.

After review of all documentation and his failure to provide any witnesses or make any statements to support his claims, I find no evidence to support grievant's allegations of any wrongdoing by any staff. It is believed that the grievant is in fact attempting to exploit the grievance process in the hopes that he would be exonerated for the charges in the Tier III Misbehavior Reports that he received from Teacher L... and Sergeant A... as he so stated as a 'remedy sought'. As such, this grievance is baseless and is denied.

If you wish to refer the above decision of the Superintendent, please sign below and return to the Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. An exception to the time limit may be requested under Directive 4040, Section 701.6(g). Please state why you are appealing this decision to CORC.

_____

_____

_____

Grievant's Signature _____    Date _____

Grievance Clerk's Signature _____    Date _____

Bates # 000043

United States District Court
Western District of New York

Jason Deileon 02A3502,
    Plaintiff,

  -vs-                              Affidavit
                                16-CV-6848-DGL-MJP

Ayers, et al.,
    Defendant(s)

Jason Deileon, pursuant to 28 U.S.C.A. §1746 declares under penalty of perjury under the laws of the United States of America that the following is true and correct.

I have enclosed two copies of affidavit's pertaing to is of the above mentioned 1983 civil suit, along with exhibits. I placed the following contents inside the mailbox at Cayuga Correctional Facility P.O. box 1186, Moravia, New York 13118, on April 8, 2022.

Respectfully;
Jason Deileon
02A3502

**CAYUGA CORRECTIONAL FACILITY**
P.O. BOX 1186
MORAVIA, NEW YORK 13318

NAME: Jason DeLeon    DIN: 02A3502

Legal mail

United States District court
Judge David G. Larimer
2500 united States courthouse
Rochester, New York 14614

APR 15 2022
USDC-WDNY ROCHESTER

NEOPOST
04/13/2022
US POSTAGE

CAYUGA
★
CORRECTIONAL FACILITY